# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3983 | **DATE** | 2/23/2012 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund, et al. vs. Woodlawn Community Development Corp. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for reconsideration regarding that portion of the court's memorandum opinion and order finding a question of fact on the issue of damages [#93] is denied. The case is set for an evidentiary hearing on March 1, 2012 at 9:30 a.m. *See* Statement section of this order for details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

    On July 1, 2009, plaintiffs Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Trainee Program Fund and Labor/Management Union Carpentry Cooperation Promotion Fund ("Trust Funds") filed a four count complaint against defendant Woodlawn Community Development Corporation ("Woodlawn") claiming that Woodlawn breached its collective bargaining agreement with the Chicago Regional Council of Carpenters and Joiners of America by failing to pay certain fringe benefit contributions to Trust Funds. On December 15, 2011, this court entered summary judgment on the issue of liability in favor of Trust Funds but declined to enter judgment as to the amount of damages. [Dkt. #92.] The court found that a genuine issue of material fact remained as to the soundness the audit that Trust Funds used to establish damages. Namely, the audit presumed that if a particular non-union subcontractor performed *some* jurisdictional work for Woodlawn, then *all* of the work performed by that subcontractor during the relevant time period was jurisdictional. Woodlawn challenged this assumption calling the audit "guesswork," but Trust Funds declined to respond to Woodlawn's argument. As such, the court denied Trust Funds' motion for summary judgment as to the amount of damages.

    Trust Funds have now asked the court to reconsider its decision under Federal Rule of Civil Procedure 60. [Dkt. #93.] Woodlawn claims that the audit was entitled to a presumption of reasonableness under 29 U.S.C. § 1059 because Woodlawn failed to maintain records as required by law. Thus, "where the damage is certain and the uncertainty lies only in the amount of damages arising from the statutory violation . . . '[i]t is enough . . . if there is a basis for a reasonable inference as to the extent of damages.'" *Cent. Ill. Carpenters Health & Welfare Trust Fund* v. *Struben*, No. 05-1094, 2009 WL 497393, at *22 (C.D. Ill. Feb. 24, 2009) (quoting *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. 680, 688, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)); *see also Laborers' Pension Fund* v. *RES Envtl. Servs, Inc.*, 377 F.3d 735, 738–39 (7th Cir. 2004)

Case: 1:09-cv-03983 Document #: 98 Filed: 02/23/12 Page 2 of 2 PageID #:1146

**STATEMENT**

("The district court accurately applied Seventh Circuit law when it held that once the Funds presented the audit report and established an absence of company records contradicting the [report], the burden was on [the employer] to establish a genuine issue of material fact barring summary judgment.") (citations omitted); *Laborers' Pension Fund* v. *A & C Envtl., Inc.*, 301 F.3d 768, 783 (7th Cir. 2002) ("The rule operates to relieve the plaintiff fund of its burden to prove precisely how much of the work performed by the defendant's employees was covered work when the employer has failed to keep records that would have allowed the fund accurately to calculate such damages.") (citation omitted). Trust Funds claim that the audit was entitled to a presumption of reasonableness, which Woodlawn failed to overcome.

 Rule 60(b) allows the court to relieve a party from a final judgment, order, or proceeding for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). Trust Funds do not specify under which subsection of Rule 60 they bring their motion. The only possible option is subsection (6), which allows the court to set aside a final judgment for any other reason that justifies relief.[1] This subsection, however, applies only under "extraordinary circumstances," and Trust Funds have failed to demonstrate such circumstances here. *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (citations omitted); *see also United States* v. *8136 S. Dobson St., Chicago, Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997) ("Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances.") (citation and internal quotation marks omitted). Instead, Trust Funds failed to address Woodlawn's argument, declining to file a reply brief in support of their motion to reconsider. Although Trust Funds' position on damages is well taken, there is no reason why they could not have raised this point in their summary judgment brief, especially when Woodlawn repeatedly questioned the soundness of the audit in its response. Trust Funds' motion for reconsideration [#93] is denied.

 The case is set for evidentiary hearing on March 1, 2012 at 9:30 a.m. at which time Woodlawn may come forward with admissible evidence that employees' work reflected in the audit, or a portion thereof, was not covered work. Should Woodlawn present such evidence, Trust Funds shall bear the burden of persuasion as to their damages. Supporting documentation not already filed with the court should be filed no later than February 28, 2012.

---

1. Failure to address an opposing party's argument in a summary judgment brief is not excusable neglect under Rule 60(b)(1). Rather, Trust Funds were required to address Woodlawn's argument. *See generally Cen. States, Se. & Sw. Areas Pension Fund* v. *Midwest Motor Express, Inc*., 181 F.3d 799, 808 (7th Cir. 1999) ("Arguments not developed in any meaningful way are waived.") (citing *Bratton* v. *Roadway Package Sys., Inc.*, 77 F.3d 168, 173 n.1 (7th Cir. 1996)).